IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00125–EWN–MJW

JAMES LEE, M.D., *et al.*,

    Plaintiffs,

v.

NORTHERN COLORADO MEDICAL CENTER, INC., *et al.*,

    Defendants.

## ORDER AND MEMORANDUM OF DECISION

This matter is before the court on Defendants Banner Health's and Donald Mellman, M.D.'s "Motion to Review Costs," filed June 7, 2005. On May 5, 2005, I issued an order of dismissal, thereby dismissing all of Plaintiffs' federal and state antitrust claims in this case with prejudice. (Order of Dismissal [filed May 5, 2005].) The order concluded that "[a]ll claims arising under federal and state antitrust statutes (claims one through five) are hereby DISMISSED with prejudice. Defendants may have costs expended with respect to the federal and state antitrust claims upon the filing of a bill of costs within eleven days of the date of this order." (*Id.* at 2.) On May 16, 2005, Defendants submitted a bill of costs, including an invoice itemizing the respective costs. (Bill of Costs [filed May 16, 2005] [hereinafter "Bill of Costs"].) Defendants requested $8,495.41 in total costs. (*Id.*) On May 31, 2005, the clerk of the court entered an award of costs in the amount of $150.00. (Award of Costs [filed May 31, 2005] [hereinafter "Award"].)

On June 7, 2005, Defendants filed a motion for review of taxation of costs.  (Mot. for Review of Taxation [filed June 7, 2005] [hereinafter "Defs.' Br."].)  Defendants object to the clerk's taxation of costs.  (*Id.* at 1–4.)  Defendants request costs associated with the motion for preliminary injunction and the motion to dismiss.  (*Id.* at 9.)  Specifically, Defendants argue that they are due their (1) costs associated with documents produced in response to Plaintiffs' discovery requests with respect to the antitrust claims; (2) costs incident to the taking of necessary depositions, including the copies of transcripts; and (3) costs for obtaining the discovery and preliminary injunction hearing transcripts.  (*Id.* at 4–9.)  On June 10, 2005, Plaintiffs filed a response to Defendants' motion for review of taxation.  (Resp. to Defs.' Mot. for Review of Taxation [filed June 10, 2005] [hereinafter "Pls.' Resp."].)  On June 22, 2005, Defendants filed a reply in support of their motion for review of taxation.  (Reply Re: Mot. to Review Costs [filed June 22, 2005] [hereinafter "Defs.' Reply"].)

> Rule 54(d)(1) provides that:
>
> costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . .  Such costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Fed. R. Civ. P. 54(d)(1) (2004).  The party seeking costs bears the burden of establishing "the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden."  *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002).  Once the clerk has made his decision regarding the taxation of costs, "the party objecting to the clerk's taxation has the burden of persuading the court that it was improper."  10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2679 (3d ed.

1998); *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005).  Title 28

U.S.C. § 1920 sets forth the particular costs that the clerk may tax.  28 U.S.C. § 1920 (2004).

These costs include:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923; and
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

 28 U.S.C. § 1920(1)–(6).  I evaluate each of Defendants' objections below.

### a.   *Costs Associated With Documents Produced in Response to Plaintiffs' Discovery Requests*

Defendants contend that they "produced substantial materials in response to Plaintiffs' requests for production. . . . [and they] are due their fees for exemplification and copies of papers necessarily obtained for use in this case."  (Defs.' Br. at 5.)  Defendants' bill of costs requests $6,032.43 associated with documents allegedly produced in response to Plaintiffs' discovery requests.  (Bill of Costs.)  The itemization attached to the bill of costs does not specifically detail exactly what the copies were used for or whether they related to the federal or state anti-trust claims.  (*Id.*)  Further, the itemization does not delineate whether or not the copies were used for the Fair Action Hearing process and pending appeal.  Defendants' claim for photocopy expenses is essentially undocumented.  There is no information regarding what was copied and how it was used.  Defendants cannot recover such vague expenses.  *Battenfeld of Am. Holding Co., Inc. v. Baird, Kurtz & Dobson*, 196 F.R.D. 613, 617 (D. Kan. 2000) (defendants not allowed to tax as

costs the expense of photocopying where bill of costs contained no explanation or elaboration about the nature or use of the documents and thus defendants failed to show that the documents were necessarily obtained for use in the case.); *Goluba v. Brunswick Corp., Mercury Marine Div.*, 139 F.R.D. 652, 656 (E.D. Wis. 1991) ("conclusory assertion, without any verification, is insufficient to establish that all of the discovery reproduction was necessary for use in the case."); *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Auth.*, 133 F.R.D. 481, 484 (E.D. La. 1990) (undocumented costs were not allowed).  Accordingly, the clerk's taxation of costs stands as the order of this court.

### b. *Costs Incident to the Taking of Necessary Depositions*

Defendants contend that they are entitled the costs incident to the depositions of the two Plaintiffs and Defendant Mellman.  (Defs.' Br. at 8.)  Defendants allege that "[t]hese depositions were reasonably necessary for the antitrust claims in this case."  (*Id.*)  As stated above, Defendants seek costs in association with Defendants' motion to dismiss and Plaintiffs' motion for preliminary injunction.  Defendants based their motion to dismiss on jurisdictional grounds.  (Defs.' Joint Mot. to Dismiss at 1 [filed Mar. 25, 2005].)  By the very nature of a motion to dismiss, Defendants did not rely on any documents other than Plaintiffs' complaint.  Thus, Defendants did not use any of the depositions in preparation for the motion to dismiss.  Accordingly, with respect to the motion to dismiss, Defendants are not entitled to recover any costs associated with taking the depositions.

Next, with respect to the motion for preliminary injunction, Defendants have not demonstrated how or why they used the depositions.  Defendants' only stated reason is "[i]n order to properly prepare for trial and evaluate the Plaintiffs' antitrust claims, it was reasonable

for these Defendants to depose each Plaintiff." (Defs.' Br. at 8.) Depositions used to "gain an over-all view of the general facts of the lawsuit" are not taxable costs. *Republic Mach. Tool Corp. v. Fed. Cartridge Corp.*, 5 F.R.D. 388, 389 (D. Minn. 1946); *see also Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963). Here, Defendants admit that they deposed Plaintiffs to evaluate the alleged anti-trust claims. (Defs.' Br. at 8.) Defendants do not explain how they used the depositions in opposing the motion for preliminary injunction. Thus, the clerk appropriately denied Defendants its costs associated with the depositions of the two Plaintiffs and Dr. Mellman. Accordingly, the clerk's taxation of costs stands as the order of this court.

   *c.* *Costs For Obtaining the Discovery and Preliminary Injunction Hearing Transcripts*

Defendants assert that they "obtained the transcripts from the discovery and preliminary injunction hearings for use in this matter. These transcripts were reasonably necessary to comply with the discovery requests compelled by the Court and to prepare the motion to dismiss." (Defs.' Br. at 8–9.) Defendants have failed to identify how the hearing transcripts were necessary to comply with discovery requests associated with the federal and state anti-trust claims. Additionally, Defendants did not cite to a single page of the hearing transcripts in their motion to dismiss. As stated above, Defendants based their motion to dismiss solely on Plaintiffs' complaint and legal propositions. Further, pretrial hearing transcripts are not normally taxable without showing a compelling necessity. *Oscar Gruss & Son v. Lumbermens Mut. Cas. Co.*, 46 F.R.D. 635, 642 (S.D.N.Y. 1969). Finally, Plaintiffs assert that Defendants procured the hearing transcript in preparation for the Fair Action Hearing and not for the motion to dismiss. (Pls.'

Resp. at 5.) Defendants do not refute this statement. (Defs.' Reply at 1–5.) If, Plaintiffs' assertion is correct, this is yet another reason why Defendants cannot recoup their costs associated with the hearing transcripts. Accordingly, the clerk's taxation of costs stands as the final order of this court.

Based on the foregoing it is therefore:

**ORDERED** that the motion for review of taxation (# 74) is DENIED.

Dated this 1st day of December, 2005.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge